IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISHNELL JONES,

        Plaintiff,

v.

MASON MERCURE,

        Defendant.

1:13-cv-03946-WSD

**OPINION AND ORDER**

    This matter is before the Court on Officer Mason Mercure's ("Defendant") Motions to Dismiss [6,10] Plaintiff Ishnell Jones's ("Plaintiff") Complaint and Amended Complaint for failure to state a claim upon which relief can be granted, and on Plaintiff's Motion for Leave to File a Second Amended Complaint [12].[1]

**I.    BACKGROUND**

    On November 26, 2013, Plaintiff filed his Complaint in this action, in which he alleged (1) an excessive force claim claiming that Defendant violated Plaintiff's constitutional rights under the Fourth Amendment by using excessive force during Plaintiff's arrest, and (2) a state law claim for battery under Georgia law.

---

[1] On April 17, 2014, Defendant moved to dismiss Plaintiff's proposed Second Amended Complaint, but this motion was withdrawn on the same day.

Plaintiff's Complaint is based on his arrest for the possession of crack cocaine after Plaintiff swallowed a bag contained in a pack of cigarettes that Defendant observed in Plaintiff's vehicle. Plaintiff alleges that Defendant applied excessive force on Plaintiff in an attempt to retrieve the bag from Plaintiff's mouth.

On March 25, 2014, Defendant moved to dismiss the original Complaint on the grounds that Defendant is entitled to (1) qualified immunity from Plaintiff's claims based on federal law, and (2) official immunity from Plaintiff's claims based on state law.

Two weeks later, on April 7, 2014, Plaintiff filed his two-count (2) Amended Complaint, in which he asserted claims against Defendant for (1) excessive force under the Fourth Amendment to the United States Constitution, and (2) a state law claim for battery under Georgia law. The next day, on April 8, 2014, Defendant filed his second Motion to Dismiss, seeking to dismiss the Amended Complaint on the same grounds that he moved to dismiss Plaintiff's original Complaint.

On April 10, 2014, Plaintiff filed his Response to the Motion to Dismiss in which he stated that "he is filing a motion to amend with a proposed amended complaint today" that moots Defendant's Motion to Dismiss the Amended Complaint. Pl.'s Resp. to Mot. to Dismiss at 1. Plaintiff did not respond to the arguments raised in Defendant's Motion to Dismiss the Amended Complaint.

On April 10, 2014, Plaintiff moved for leave to file a Second Amended Complaint, in which he stated that "the amended complaint [filed on April 7, 2014] is not the amended complaint he meant to file, but the same pleading as the original complaint, albeit with the word 'amended' added to the caption." Mot. to Am. at 1. The Second Amended Complaint does not add new claims or parties, but it contains new facts in support of the excessive force claim that were not pled in Plaintiff's original and Amended Complaints.

On April 17, 2014, Defendant responded to the Motion to Amend. Defendant asserts that (1) there are substantial differences between Plaintiff's complaints, and (2) the Motion to Amend should be denied because Plaintiff engaged in undue delay, and Defendant will be prejudiced if the Court allows the Second Amended Complaint to be filed.

Plaintiff's original Complaint in this matter, filed on November 26, 2013, alleged the following facts pertinent to his excessive force claim:

> After being placed in handcuffs Officer Mercure began to choke Mr. Jones ordering him to "spit it out." He then tripped Mr. Jones and again choked Mr. Jones while he was on the ground. After he was choked, Mr. Jones requested a supervisor on the scene and stated Officer Mercure "choked him."

Compl. at ¶ 7.

Three and a half months later, on April 7, 2014, Plaintiff filed his Amended

Complaint of right under Rule 15(a) of the Federal Rules of Civil Procedure. In the Amended Complaint, Plaintiff alleged the following facts pertinent to his excessive force claim:

> Defendant notified Grady EMS immediately. Officer Mercure noticed Mr. Jones had the plastic bag containing the crack cocaine was under Mr. Jones' tongue. Officer Mercure grabbed Mr. Jones' jaw to prevent him from swallowing the plastic bag. Officer Mercure and Mr. Jones fell to the ground. After the tussle, Mr. Jones requested a supervisor on the scene and stated Officer Mercure "beat him up."

Am. Compl. at ¶ 7.

On April 10, 2014, in an apparent response to Defendant's Motion to Dismiss the Amended Complaint filed on April 8, 2014, Plaintiff requested leave to file a Second Amended Complaint, in which he sought to allege the following facts pertinent to his excessive force claim:

> After being placed in handcuffs Officer Mercure requested that Mr. Jones turn back around and stick out his tongue. There was nothing in Mr. Jones' mouth. After observing nothing in Mr. Jones' mouth, Officer Mercure grabbed Mr. Jones by the throat and began to choke Mr. Jones ordering him to "spit it out." After choking Mr. Jones while standing up, Officer Mercure then tripped Mr. Jones forcing Mr. Jones to land face down. While lying face down, Officer Mercure straddled Mr. Jones' back and again choked Mr. Jones while he was lying face down on the ground with thumbs in the back and fingers in front. While choking Mr. Jones a second time from the back, Officer Mercure told Mr. Jones that he was going to die. After he was choked, Mr. Jones requested a supervisor on the scene and stated Officer Mercure "choked him." . . . Defendant notified Grady EMS immediately. Officer Mercure noticed Mr. Jones had the plastic bag containing the crack cocaine was under Mr. Jones' tongue. Officer

4

> Mercure grabbed Mr. Jones' jaw to prevent him from swallowing the plastic bag.  Officer Mercure and Mr. Jones fell to the ground. After the tussle, Mr. Jones requested a supervisor on the scene and stated Officer Mercure "beat him up."

Second Am. Compl. at ¶¶ 7-8.

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  See Fed. R. Civ. P. 15(a)(1).  Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave."  See Fed. R. Civ. P. 15(a)(2).  The Rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  Foman v. Davis, 371 U.S. 178, 182 (1962).

5

B.     Analysis

"The decision whether to grant leave to amend is within the sound discretion of the trial court."  Loggerhead Turtle v. County Council of Volusia County, Fla., 148 F.3d 1231, 1257 (11th Cir. 1998) (internal quotation marks and citations omitted).  Defendant argues that he will be prejudiced if Plaintiff is allowed to file a Second Amended Complaint because he "will have to respond for a third time, and the Plaintiff has had an opportunity to view the Defendant's immunity defenses thus giving Plaintiff a second bite at the apple to add additional claims and potential parties."  Def.'s Resp. to Mot. to Am. at 6.  Defendant also argues that allowing the amendment is prejudicial because it forced Defendant to "constantly respond to a moving target."  Id.

Plaintiff had a right to file an Amended Complaint because Plaintiff amended his Complaint within twenty one (21) days after Defendant moved to dismiss the original Complaint.  See Fed. R. Civ. P. 15(a)(1).  A district court does not have discretion to not permit a plaintiff to amend the complaint as a matter of right.  See Toenniges v. Georgia Dept. of Corrections, 502 F. App'x 888, 890 (11th Cir. 2012).  Plaintiff has requested the Court's permission to amend his Complaint only once.  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  Langlois v. Travelers Ins. Co.,

401 F. App'x 425, 426 (11th Cir. 2010).

On March 14, 2014, Defendant was served with the original Complaint. On March 25, 2014, Defendant moved to dismiss the original Complaint. On April 7, 2014, Plaintiff amended his Complaint as a matter of right. Three days later, Plaintiff requested the Court's permission to file a Second Amended Complaint. This short period of time between the amendments does not constitute undue delay. See Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001) ("The lengthy nature of the litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint."). Burger King v. Weaver, 169 F.3d 1310, 1321 (11th Cir. 1999) (noting that delay in the proceedings becomes undue if the amendment delays trial or the addition of a claim reopens the pre-trial process).

Mere inconvenience to a party does not constitute undue prejudice because "there is invariably some practical prejudice resulting from an amendment." Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971). Prejudice to a defendant from an amendment is typically found if the amendment (1) results in significant expense in conducting additional discovery or preparing for trial, (2) deprives the non-moving party of the ability to assert a claim or a defense, or (3) significantly delays the resolution of the dispute. See Synthes, Inc. v. Marotta, 281 F.R.D. 217,

228 (E.D. Pa. 2012); <u>Formosa Plastics Corp., U.S.A. v. ACE American Ins. Co.</u>, 259 F.R.D. 95 (D.N.J. 2009); <u>CP Solutions PTE, Ltd. v. General Elec. Co.</u>, 237 F.R.D. 534 (D. Conn. 2006);; <u>Zubulake v. UBS Warburg LLC</u>, 231 F.R.D. 159 (S.D. N.Y. 2005).

Plaintiff requested the Court's permission to file a Second Amendment Complaint only three days after the Amended Complaint was filed. Discovery has not commenced in this matter and a trial date has not been set. <u>See</u> <u>Reese v. Herbert</u>, 527 F.3d 1253, 1263 (11th Cir. 2008) (affirming the denial of a motion for leave to amend that was filed nearly seven weeks after the close of discovery). The Second Amended Complaint does not add additional parties or claims, and the additional facts raised in the Second Amended Complaint do not affect Defendant's ability to raise its defenses. The Court concludes that Defendant will not be prejudiced if Plaintiff is allowed to file a Second Amended Complaint. Plaintiff's Motion for Leave to File a Second Amended Complaint is granted.

The Court, however, is troubled by the procedural history of this case. In his Motion to Amend the Complaint filed on April 10, 2014, Plaintiff claims that the Amended Complaint filed on April 7, 2014, "[was] not the amended complaint he meant to file, but the same pleading as the original complaint, albeit with the word

8

'amended' added to the caption." Mot. to Am. at 1.  A comparison of Plaintiff's original and Amended Complaints above makes it plain that Plaintiff's representation is not credible.

Plaintiff did not state in his previous complaints that Defendant straddled his back, choked Plaintiff while he was lying face down on the ground with thumbs in the back and fingers in front, and threatened Plaintiff that "he was going to die." Second Am. Compl. at ¶¶ 7-8.  Plaintiff does not explain why these additional facts were not discovered and pled in his previous complaints.  Plaintiff did not offer a justification for failing to include facts that support his excessive force claim in his original and Amended complaints even though he should have been aware of the facts required to assert his claims.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED** [12].

**IT IS FURTHER ORDERED** that Plaintiff shall **SHOW CAUSE**, on or before March 9, 2015, why he should not be sanctioned under Rule 11(b) of the Federal Rules of Civil Procedure for failing to plead in his original and Amended Complaints, the "new" facts he asserts in the Second Amended Complaint to

9

support an excessive force claim, and why he should not be sanctioned for the representations he made in his Motion to Amend that the Amended Complaint was mistakenly filed with only a change to the title of the pleadings.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss the Complaint and the Amended Complaint are **DENIED AS MOOT** [6, 10].

**IT IS FURTHER ORDERED** that the parties shall file, on or before March 9, 2015, their initial disclosures and a Joint Preliminary Report and Discovery Plan.

**SO ORDERED** this 25th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE